■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS PERGOLA, Appellant.—Judgment, Supreme Court, New York County, rendered September 15, 1978, convicting defendant of criminal sale of a controlled substance in the second degree, a class A-2 felony, and sentencing him to a term of eight and one-third years to life, affirmed. In affirming we have not disturbed the sentence imposed, which was the maximum authorized sentence. Defendant may, if so advised, make an appropriate application for resentence pursuant to new section 60.09 (subd b, par [ii]) of the Penal Law. Concur—Kupferman, J. P., Birns, Fein and Sullivan, JJ.

Sandler, J., dissents in part in a memorandum as follows: The defendant, a 60-year-old man never previously convicted of a crime, was sentenced to an indeterminate term of eight and one-third years to life following his conviction for criminal sale of a controlled substance in the second degree (Penal Law, § 220.41), and A-2 felony, arising out of the single sale of a substance containing cocaine weighing five eighths of an ounce plus 30 grains. At the time the defendant was tried and sentenced, the section involved was violated, *inter alia,* by the sale of one or more substances with an aggregate weight of one-eighth ounce or more containing a narcotic drug.

The sentence prescribed required a minimum of not less than six years nor more than eight years, four months and mandated a maximum sentence of life imprisonment. This sentencing provision was an integral part of a sentencing structure developed for narcotic violations that was the severest of any State in this country and was widely recognized by both law enforcement officials and Judges concerned with its application to be excessively severe, disproportionate to the over-all range of sentences for other criminal violations, and ultimately unworkable and counterproductive. This evaluation was in part responded to by the Legislature which recently redefined the section in question to apply to sales of substances containing narcotics with a minimum weight of one-half ounce and extending up to two ounces, and modified the minimum sentence to extend from not less than three years to no more than eight years and four months. Significantly, these changes were accompanied by a special provision permitting previously convicted and sentenced defendants to apply for resentencing (Penal Law, § 60.09, subd b, par [ii]). In my opinion it was clearly excessive to impose a sentence of eight and one-third years to life, the maximum permitted under an extraordinarily harsh law, on a 60-year-old man, never previously convicted of a crime, for the sale of a little over one-half ounce of a substance containing cocaine. It is true that the defendant's background discloses several previous arrests, all resulting in acquittals or dismissals, for criminal violations of a sophisticated kind, none of which, however, involved narcotics violations. The extent to which previous arrests resulting in acquittals or dismissals may appropriately be considered in fixing a sentence, if it may be appropriately considered at all, presents a troublesome question. In this case these prior events do not begin to justify the sentence imposed. On this appeal our power is limited to reducing the sentence to a minimum of six years. Under all the circumstances, I believe that is precisely what we should do.